IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr94-WKW |
| | ) | WO |
| WILLIE DAVIS DEWHART | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 4, 2006, pursuant to 18 U.S.C. § 4241(b) the court ordered the defendant committed for a psychiatric evaluation. The report of that evaluation was filed on August 24, 2006, and on September 5, 2006, the court held a hearing to determine the mental competency of the defendant. *See* 18 U.S.C. § 4241(c). At the hearing the defendant did not contest the need for further treatment and evaluation. The government does not oppose further treatment. Based on the forensic report of the examining forensic psychologist and the parties' concurrence with that report's finding of a need for a "period of treatment aimed at restoring his competency" the court finds that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Based on the report of the examining psychologist, the defendant now expresses concern about his sanity at the time of the commission of the offense. The government does not object to this type evaluation. Consequently, the court finds that during the period of treatment, the defendant should be evaluated to determine if he was insane at

the time of the commission of the offense.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that pursuant to 18 U.S.C. § 4241(d) the court order (1) the defendant committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility for a period not to exceed four months for an assessment to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed and (2) order that during this period of treatment the defendant be evaluated to determine whether he was insane at the time of the commission of the offense. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before September 18, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of September, 2006.

                                          /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE