IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES OF AMERICA,
    PLAINTIFF,

CASE NO. 2:06CR94-WKW

v.

WILLIE DEWHART,
    DEFENDANT.

## MOTION FOR INDEPENDENT PSYCHOLOGICAL EXAMINATION

Comes now Willie Dewhart by and through undersigned Counsel and files this his motion requesting an independent psychological examination at Government expense and in support thereof states the following:

1. On or about April 26, 2006 counsel filed a motion pursuant to 18 U.S.C. 4241(b) requesting a psychological/psychiatric examination due to past and present mental problems being experienced by Dewhart.

2. The Court in an order agreed and Dewhart was transported to the Federal Medical Facility at Lexington, Kentucky for the study and evaluation.

3. Dr. Karen Milliner, Forensic Psychologist with the Bureau of Prisons determined "Based on the preponderance of information available to the examiner at the present time, however, Mr. Dewhart presents considerable deficits in competency-related abilities which may be attributable to mental retardation. Therefore, in the opinion of the examiner, Mr. Dewhart is currently suffering from a mental defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. Thus, in the opinion of the examiner, Mr. Dewhart is not currently competent to stand trial. In addition, in the opinion of the examiner, there is a substantial probability Mr. Dewhart will attain the capacity to permit the trial to proceed in the foreseeable future if he is committed to a period of treatment aimed at restoring his competency under the provisions of Title 18, United States Code, Section 4241(d)."

4. Dewhart was returned to Court at which time a new order was entered and he was remanded back to the Bureau of Prisons for restorative therapy in order that he might become competent to stand trial pursuant to 18 U.S.C. §4241(d).

5. Dewhart was transferred to the Federal Medical Center, Springfield, MO for restorative competency reasons and for further evaluation to determine if he was competent at the time of the offense.

6. It is interesting to note that the Honorable Charles Coody, United States Magistrate Judge, (Document 26, filed on 9/5/06) held: "the Court finds that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

7. Further, it should be noted that contrary to this Court's orders of September 5 and October 5, 2006, Dewhart was not expeditiously transferred to a Federal Medical Facility for evaluation and treatment. His transfer was finally facilitated after counsel filed a motion to enforce Court order filed on December 22, 2006.

8. Despite the findings of Chad Brinkley, Ph.D., Springfield, Missouri, that Dewhart is competent to stand, trial there are a number of discrepancies in the report and inconclusive findings that warrant further professional inquiry. These are noted as follows:

P4. - Receives SSI for organic brain problems and a psychiatric disorder.

P.5. - Special Ed.

P.7 - On arrest fled - rammed head into patrol car. Beat his head until cracked headlight.

P.9 - Restorative groups - cooperative but uninvolved.

P.12 - Competence Assessment for Standing Trial.

    Re: Courtroom proceedings

       Scores lower than expected for MR found competent.

      Lighter than MR found incompetent.

  Scores Inconclusive:

\   Third section lower than MR found incompetent

   Understanding legal concepts simplified and limited.

   Not so low as to say incompetent.

   "But neither did they provide strong support for a finding of competence."

  P.15 - MR is (1) sub average intellectually function; (2) functional impairment

   Borderline intellectual Finding

   IQ - 62?

  Pgs.18-19 - CAST MR

   Considered to provide no strong evidence for either competence or incompetence

 P.2` - Milliner was concerned Dewhart can not aid in defense because of limited legal concepts and that his limited intellectual ability may make it hard for him to comprehend.

  SANITY REPORT

 P.19 - BIF and Alcohol Intox

  Severity may be questionable and neither is sufficient unless there is evidence to suggest that these disorders also impacted his ability he understands the quality and nature of the wrongfulness of his alleged actions.

 P.21 - BIF and alcohol intox but not to extent or severe enough to prevent him from being able to appreciate the nature and quality of his alleged actions.

 9. Clearly Dewhart suggests that there are grey areas within the Bureau of Prisons findings that necessitate an independent evaluation. Furthermore, the presentence report prepared by U.S.P.O. David Connley in Case No.2:00cr00097-001, in his file, Middle District of Alabama, makes reference to numerous psychological conditions that give rise to an independent evaluation. To be sure one is needed, counsel submits as an officer of the Court that Dewhart is still unable to discuss with her any of the events the day of or the events preceding his arrest. The discovery provided by the Government that Dewhart repeatedly rammed his head into the police vehicle

repeatedly suggests a mental problem.

10. Therefore, Dewhart pursuant to 18 U.S.C. §3006(A)(e) Dewhart requests funds to hire a defense expert. 18 U.S.C. §3006(A)(e) provides: **Services other than counsel** - (1) **Upon request**. - Counsel for a person who is unable to obtain investigative, expert, or other services necessary for adequate representation may request then in an ex parte application, upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the Court, or the United States Magistrate Judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

11. Counsel submits to this Court that Dewhart, having been arrested and incarcerated since 2006, is financially unable to satisfy the legal fees for counsel or to hire an independent mental health professional to evaluate his competency at the time of the offense or now.

12. Dewhart respectfully requests this Court authorize an independent psychological evaluation by Dr. Daniel Koch for the purposes of the defense presentation of competency to stand trial and at the time of the offense.

13. The anticipated cost is $3,000 including, the assessment, evaluation, report, testimony at trial and expenses.

Respectfully submitted

s/Susan G. James  
SUSAN G. JAMES  
Attorney at Law  
600 South McDonough Street  
Montgomery, Alabama 36104  
Phone: (334) 269-3330  
Fax: (334) 834-0353  
E-mail: sgjamesandassoc@aol.com  
Bar No: ASB7956J64S

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 16, 2007 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Tommie Brown Hardwick
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

      Respectfully submitted,

      s/Susan G. James
      SUSAN G. JAMES
      Attorney at Law
      600 South McDonough Street
      Montgomery, Alabama 36104
      Phone: (334) 269-3330
      Fax: (334) 834-0353
      E-mail: sgjamesandassoc@aol.com
      Bar No: ASB7956J64S