IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR. NO. **2:06cr94-WKW** |
| ) | |
| WILLIE DAVIS DEWHART ) | |

**UNITED STATES' RESPONSE TO MOTION FOR
INDEPENDENT PSYCHOLOGICAL EXAMINATION (Doc. 40)**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submits the following response to Defendant Willie Davis Dewhart's Motion For Independent Psychological Examination. (Doc. 40):

**I.   Factual Background**

On April 5, 2006, a grand jury returned a one-count Indictment charging Willie Davis Dewhart (hereinafter "Dewhart") with possession with intent to distribute cocaine. (Doc. 1). On April 12, 2006, Dewhart was arraigned before United States Magistrate Judge Susan Russ Walker. The first pretrial conference was initially scheduled on July 17, 2006.[1] Dewhart filed a motion to continue the pretrial conference. (Doc. 13). On April 27, 2006, the pretrial conference was re-scheduled to August 18, 2006. (Doc. 12). Also on April 27, 2006, defense counsel filed a motion for a psychiatric examination and further that "a competency examination be done at government expense." (Doc. 14). In support of the motion, the defense stated that: (1) Mr. Dewhart had no recollection of the events of the offense; (2) Mr. Dewhart's conduct at the time of the arrest supports the request for a competency examination; and (3) Mr. Dewhart has a history of mental illness as reported in Case No. 2:00cr97-D. *Id.* The government had no

---

[1] The Order on Arraignment incorporated an Order to Continue, which set a trial date for October 16, 2006. (Doc. 9).

objection to the request for a psychiatric examination.

On May 4, 2006, United States Magistrate Judge Charles S. Coody issued an order that the United States Marshal remove the defendant to the custody of the warden of the appropriate institution for the purpose of a psychiatric examination. (Doc. 15). The Court's order directed that the mental examination issue an opinion

> "relative to the competency of incompetency of the defendant and specifically report to and advise [the] court whether or not in their opinion the defendant may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly assist in [his] own defense."

Doc. 15, p. 2.

The Court further ordered that a report be submitted to the Court within 45 days from the date of the order. A subsequent order was issued on July 23, 2006, which extended the time for completion of the psychiatric examination to 45 days from the date of the defendant's arrival. (Doc. 17). On August 22, 2006, Dr. Karen Milliner, Forensic Psychologist at the Federal Medical Center in Lexington, Kentucky, submitted her report to the Court. Dr. Milliner concluded that the defendant was not currently competent to go forward with a trial. However, Dr. Milliner also concluded that "there **is** a substantial probability Mr. Dewhart will attain the capacity to permit the trial to proceed in the foreseeable future if he is committed to a period of treatment aimed at restoring his competency under the provisions of Title 18, United States Code, Section 4241(d)[2]. *(See,* Forensic Report of Dr. Karen Milliner, p. 9). A competency hearing was held on September 5, 2006, (Doc. 28), and a Report and Recommendation was

---

[2] Dr. Milliner also stated that "most mildly mentally retarded individuals initially assessed as incompetent to proceed are successfully restored to competency." Moreover, Dr. Milliner noted that malingering could not be ruled out by her present evaluation.

signed directing that the (1) defendant be committed to the custody of the Attorney General for hospitalization and treatment, and (2) that during this period of treatment the defendant be evaluated to determine whether he was insane at the time of the commission of the offense. (Doc. 26).  The order accepting the Report and Recommendation was signed by United States District Judge William Keith Watkins on October 5, 2006.  (Doc. 29).

On December 22, 2006, defense counsel filed a motion to enforce the September 5, 2006, order that Dewhart be returned to the Bureau of Prisons for hospitalization and treatment.  The Court's order that the government submit a response was filed on January 29, 2007.  (Doc. 31). The government submitted its response on January 31, 2007.  (Doc. 32).  On February 8, 2007, Mr. Dewhart was delivered to the Medical Center For Federal Prisoners in Springfield, Missouri, for restorative treatment and further evaluation in compliance with the Court's order (Doc. 33).

On June 20, 2007, a very thorough and comprehensive report was submitted to the Court from the Federal Bureau of Prisons Medical Center for Federal Prisoners in Springfield, Missouri.  The evaluation was completed by Clinical Psychologist Dr. Chad Brinkley, and Board Certified Neuropsychologist and Forensic Psychologist, Dr. Robert L. Denney.  Dr. Brinkley concluded that:

(1) Competency Report: "At this time this writer believes Mr. Dewhart is competent to proceed and his prognosis for remaining competent appears to be good.  As noted previously, however, the defendant is likely to require assistance from his attorney to help him understand more complex legal concepts so he can make informed decisions about his defense." (*See* Forensic Competency Report, dated June 5, 2007, p. 23).

(2) Sanity Report: "It is the opinion of this writer that Mr. Dewhart was suffering from a mental disease or defect at the time of the offense (Borderline Intellectual Functioning and a likely case of Alcohol Intoxication), but not one which was severe enough to prevent him from being able to appreciate the nature and quality

  or the wrongfulness of his alleged actions." (*See* Forensic Sanity Report, dated June 5, 2007, p. 21).

(3)  Neuropsychological Report: "Given the legal context of this evaluation it appears the most appropriate conclusion regarding Mr. Dewhart is that he has malingering neurocognitive dysfunction." "...It is impossible to ascertain true intellectual [functioning] exactly, however, given his lack of consistent effort during tests. There does not appear to be a neurocognitive reason that would eliminate his competency to proceed based on how he presented during my interview and that of testing. (*See* Forensic Report - Neuropsychology Consultation, dated June 1, 2007).

  A competency hearing was scheduled on July 5, 2007, in order for the Court to reach a decision based on the forensic report filed on June 20, 2007. During the hearing, defense counsel advised the Court that she would seek an independent evaluation based upon the initial findings of Dr. Karen Milliner and the present findings of Dr. Chad Brinkley and Dr. Robert Denny. The defendant filed his motion for an independent psychiatric examination on July 16, 2007, (Doc. 40), and a notice of Insanity Defense (Doc. 41).

**II.**  **Discussion**

  Title 18, United States Code, Section 4241(a), provides in pertinent part that a defendant may file a motion to determine competency at any time prior to the commencement of prosecution for an offense and a motion requesting a hearing to determine the same, and the "court shall grant the motion...." In the instant case, two reports have been previously provided by the Federal Bureau of Prisons Medical Center. Based upon the provision of §4241(a), it appears that the Court has honored the request of the defendant for a psychiatric examination, and restorative treatment. The defendant did not object to the initial findings of Dr. Milliner that concluded the defendant was not "presently" able to proceed to trial. It should be noted that the defendant was evaluated by Dr. Milliner over a period of forty-eight (48) days, compared to an

evaluation period of one hundred and seventeen (117) days with Dr. Brinkley and Dr. Denney. The defendant seeks a third evaluation which will potentially be concluded in less than seven days.

The government finds no reason to object to the defendant's request for an independent evaluation. Moreover, since the defendant has now raised an insanity and diminished capacity defense, out of an abundance of caution, the government believes that granting the defendant's motion for an independent evaluation will be of assistance with other issues that could be raised in a subsequent appeal or Section 2255 motion, should a jury find the defendant guilty of the charged offense.

For the reasons stated above, the government does not object to the defendant's motion for an independent evaluation.

Respectfully submitted this 20th day of July, 2007.

          LEURA G. CANARY
          UNITED STATES ATTORNEY

          s/Tommie Brown Hardwick
          TOMMIE BROWN HARDWICK
          One Court Square, Suite 201
          Montgomery, AL 36104
          Phone: (334) 223-7280
          Fax: (334) 223-7135
          E-mail: tommie.hardwick@usdoj.gov
          ASB4152 W86T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. **2:06cr94-WKW** |
| | ) |
| WILLIE DAVIS DEWHART | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Susan G. James, Esq.

    Respectfully submitted,

    s/Tommie Brown Hardwick
    TOMMIE BROWN HARDWICK
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334)223-7280
    Fax: (334)223-7135
    E-mail: tommie.hardwick@usdoj.gov
    ASB4152 W86T