IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES OF AMERICA,

    PLAINTIFF,

v.                                CASE NO. 2:06CR94-WKW

WILLIE DEWHART,

    DEFENDANT.

**BRIEF IN SUPPORT OF DEWHART'S POSITION ON COMPETENCY**

    Comes now Willie Dewhart by and through undersigned Counsel and files this brief in support of Dewhart's position on competency and in support thereof states the following:

    Is he competent to stand trial.[1]

    His IQ is 62. That is within the lowest 2% of the nation, 98% of U. S. Citizens are smarter than he is. He has a familial history of mental retardation. He reports that his grandfather was his father.[2] Shortly, prior to the instant offense, he was given Social Security disability for a psychotic disorder and organic mental disorder.[3] Dewhart was declared incompetent by this Court[4] after having been so advised by Dr. Karen Milliner, Clinical Psychologist, Federal Bureau of Prison.[5] Dewhart was ordered back to the Bureau of Prisons pursuant to 18 U.S.C.S.4241(d) for restoration of competency. The people responsible for that task, the Federal Prison staff at Springfield, evaluated their own work and determined Dewhart competent to stand trial pursuant

---

[1] Dr. Koch's Report, Page 2

[2] Dr. Denney's Report, Page 1

[3] Dr. Denney's Report, Page 2

[4] Dr. Koch's Report, Page 4

[5] Dr. Milliner's Report, Page 9

to 18 U.S.C. §4242(e).[6]

To date, approximately two years and four months since his arrest in this case, Dewhart is still incapable of providing to the undersigned any facts relating to his alleged offense conduct, where he was prior to his arrest, who he was with, and what he was doing. Based on Dewhart's inability to communicate this critical information to counsel, it is impossible for counsel to proceed with a trial or change of plea on Dewhart's behalf. Even if counsel could defend the case on the one-sided information provided by law enforcement based on the investigation, counsel would still be incapable of ensuring that Dewhart receive a fair trial. Dewhart is unable to provide counsel with impeachment questions for the police, unable to provide counsel the necessary information to advance an alibi defense, and unable to provide counsel with the necessary information to evaluate whether or not he should take the stand in his own defense.

Dewhart is unable to provide counsel any of the details of the traffic stop which might be the basis of a motion to suppress.[7] This is equally true with regard to Dewhart's ability to assist counsel in mitigating sentence should he plead or be found guilty.

Dewhart has previously been hospitalized for mental problems.[8] He also was previously determined not guilty based on his incompetence.[9]

Putting aside that Brinkley and Denney testified, and in reports stated, Dewhart has been restored to competence the record suggests otherwise.

In order to justify the uncertainty and inconsistencies in the mental evaluation of Dewhart the Bureau of Prisons, Doctors highlight their belief that Dewhart's poor test performance resulted from malingering. Yet, as testified by Dr. Daniel Koch, the defense expert, the MMPI in

---

[6] Letter from J. E. Gunja, Warden, U. S. Medical Center for Federal Prisoners, Springfield, MO, June 12, 2007.

[7] Dr. Brinkley's testimony

[8] Dr. Milliner's testimony

[9] Presentence Report, Pages 6-25

this case showed no signs of malingering.  Dr. Koch said the MMPI-2 is a lengthy test and there was no reason it would not have revealed[10] malingering if such had been present.  Out of 565 questions no invalidity was revealed.[11]  The MMPI-2 has 14 separate validity scales.  Dewhart's responses were "purposeful, honest, and not random."[12]  The most that Dr. Brinkley would concede as to the valid MMPI-2 was that Dewhart was not exaggerating mental illness.  Further, Dewhart was not told what the MMIP was designed to do.

In support of the fact that Dewhart was not malingering were Dr. Milliner's observations when Dewhart was at Lexington, without knowledge that he was being observed, Dewhart had deficits in adaptive behavior and "navigating" the institution on his own."[13]

Dewhart had a previous history of delusional behavior, an acutely psychotic state and cerebral vascular disturbance.[14]

Dewhart on one of the forced choice tests scored above choice.[15]  This shows he was not malingering.

Dr. Koch testified that the forced choice tests do not meet the Daubert and Frye standards while the MMPI-2 does.  One of the forced choice test was based on information from police reports.

Drs. Brinkley and Denney questioned Dewhart's IQ of 62 although Dr. Denney tested him and determined his IQ was 62.  Milliner got the same result.  Despite their concern of the invalidity of the IQ test, neither administered any of the other reliable IQ tests.  Dr. Koch testified he felt the IQ score was accurate based on a reading test he did on Dewhart at the Montgomery

---

[10]  Dr. Koch's testimony at competency hearing - Dr. Brinkley's testimony

[11] Dr. Brinkley's report/Dr. Koch's testimony

[12] Dr. Brinkley's testimony

[13] Dr. Milliner's Report, Page 3

[14] Dr. Milliner's testimony at competency hearing; Dr. Brinkley's testimony

[15] Dr. Brinkley's testimony

City Jail.

On or around the day of the instant offense, and shortly after, Dewhart reported he was extremely intoxicated, (Brinkley Report - page 5), the police reported he had hit his head on the police car[16] and was tazed. Dr. Koch stated Dewhart reported he had been smoking crack.[17]

Dr. Denney never formulated an opinion on competency only on his belief Dewhart as malingering.[18]

In contrast to a finding of malingering and in in addition to the above, Dewhart has been in horrendous confinement conditions for over two years, pretrial. Counsel has represented him in the past in a federal criminal prosecution where his mental condition was not an issue. Dewhart would obviously be better off assisting counsel to bring closure to this case and possible exoneration rather than sitting in federal custody in a jail setting where he does not receive the proper diet for his diabetes or treatment for his dental problems, which impairs his speech and ability to eat.

Restoration therapy cannot restore Dewhart's side of the story, instead only law enforcement's side.[19] All the doctors agreed Dewhart is cognitively impaired.

Dr. Brinkley as to the CAST-MR which as administered to Dewhart found it to be inconclusive. As to another section of the test, Brinkley stated on the first two sections they were not so low as to clearly indicate he was incompetent to proceed, but neither did they provide strong support for a finding of competence.

Dr. Brinkley's self serving statement relating to Dr. Milliner's concerns that Dewart's limited understanding of the events leading up to his arrest may impair his ability to aid in this defense, was that Dewhart was exaggerating his reported memory impairments is belied by the

---

[16] Dr. Koch's Report, Page 4

[17] Dr. Koch's Report, Page 6

[18] Dr. Denney's Report, Page 4

[19] Milliner and Brinkley's Report and Dr. Koch's Testimony

record.

Not a single Bureau of Prisons report, Dr, Koch's evaluation, or the representations of the undersigned (as an officer of the Court) reveal that Dewhart has any memory of the events leading up to his arrest.

Regardless of the Bureau of Prisons efforts toward restoration they are unable to fill in the gaps for Dewart's defense, those only he can fill in. That is what his **defense** is and **what happened**.

Dr. Brinkley's recognition of this problem is seen in his report, page 22, wherein he states: "His competence is, however, at least partially dependent on his access to an attorney who can help him understand difficult legal concepts that his limited intellectual abilities may make it hard for him to comprehend." Even with a lawyer who can do this, no lawyer can assist him in remembering what he does not know.

As to Dewhart's sanity at the time of the offense, Dr. Brinkley concludes "...Mr. Dewhart was suffering from a mental disease or defect at the time of the offense (Borderline Intellectual Functioning and a likely case of Alcohol Intoxication), but not one which was severe enough to prevent him from being able to appreciate the nature and quality or the wrongfulness of his alleged actions."

Dr. Denney seems to have doubt about Dewhart's alleged malingering wherein he acknowledges Dewhart's lack of **consistent effort** during tests. (Page 5) Lack of effort seems to be the opposite of malingering as a malingerer would attempt to get wrong answers rather than give the appearance of not doing the work. Dr. Koch testified that lack of effort can often be the result of one with a low intellectual functioning to fail to see the purpose or reason for the testing. As Dr. Koch noted, if the patient does not see the relevance of the testing, the lack of effort will likely reveal. Disinterest does not constitute malingering. There are no tests to determine what % of effort one is putting forth.

5

Based on all of the above, Dewhart is incapable of assisting counsel in defending this case. This Court should declare that he is incompetent.

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: JAM012

### CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2008 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Susan Redmond
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: JAM012