IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | CASE NO. 2:06-CR-94-WKW |
| ) | |
| WILLIE DAVIS DEWHART ) | |

**<u>ORDER</u>**

On August 12, 2008, a hearing was held pursuant to 18 U.S.C. § 4241(d) to determine Defendant Willie Davis Dewart's competency to stand trial. Intervening events necessitated a postponement of the hearing, and thus, it was concluded on June 18, 2009. Mr. Dewhart was present on both days of the hearing and was afforded the opportunity to testify, present evidence, subpoena witnesses, and contest and confront witnesses, as required by § 4247(d). After carefully considering the record, the testimony and exhibits from the hearing, and based upon personal observations of Mr. Dewhart, the court finds Mr. Dewhart is competent to stand trial.

Mr. Dewhart's competency has been the only issue in this case since April 2006. He was indicted April 5, 2006, on one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). (Doc. # 1.) Upon his motion, Mr. Dewhart was evaluated for his competency to stand trial, at a federal facility, and in a report docketed August 22, 2006, Dr. Karen Milliner found Mr. Dewhart incompetent to stand trial based in part on a provisional diagnosis of mild mental retardation, qualified by a need to rule out malingering. (Doc. # 21.) Based upon a recommendation from the Magistrate Judge, that October the

court found Mr. Dewhart incompetent to stand trial under § 4241(d) and committed him to hospitalization and treatment in a suitable facility for not more than four months to determine whether there was a substantial probability in the foreseeable future that he could attain the capacity to continue to trial.  (Doc. # 29.)

On June 20, 2007, Dr. Chad Brinkley filed a report on his evaluations of Mr. Dewhart while he was committed to the United States Medical Center for Federal Prisoners in Springfield, Missouri.  (Doc. # 35.)  Included were a report on Mr. Dewhart's competency to stand trial, a report on his sanity at the time of the offense, and a supporting neuropsychology report submitted by Dr. Robert L. Denney.  Dr. Brinkley found Mr. Dewhart was presently competent to stand trial and that his prognosis to remain competent remained good (Dr. Brinkley's competency report 23), and found that Mr. Dewhart was not insane at the time he allegedly committed the offense (Dr. Brinkley's sanity report 21).  Dr. Denney, who separately performed a neuropsychology consultation with Mr. Dewhart, diagnosed him with "malingering neurocognitive dysfunction."  (Dr. Denney's report 5.)

Mr. Dewhart moved for an independent psychological examination (Doc. # 40), which was granted (Doc. # 43), and filed a notice of intent to introduce expert evidence related to insanity or diminished capacity (Doc. # 41).  Dr. Daniel L. Koch subsequently evaluated Mr. Dewhart and submitted a report docketed July 31, 2008 (Doc. # 70).  At the hearing on August 12, 2008, Drs. Milliner, Brinkley, and Denney testified in support of the

Government's position that Mr. Dewhart was competent.[1] Dr. Koch testified, however, that he was not able to reach a reliable conclusion on Mr. Dewhart's competency because of the poor environment in which he evaluated him. Because of the deficiencies of those conditions, the court provided Dr. Koch with another opportunity to reevaluate Mr. Dewhart and ordered that he conduct another competency evaluation in a more suitable environment. (Doc. # 80.) Dr. Koch found Mr. Dewhart incompetent to stand trial (Dr. Koch supplementary report 4 (Doc. # 88 Att. 1)). He testified as to the results of his supplemental report on the second day of the hearing, and the Government was permitted to rebut his findings.

Based upon a careful consideration of the record, the experts' competency reports, the testimony and evidence at the hearing, and the court's own personal observations, the court does *not* find "by a preponderance of the evidence that [Mr. Dewhart] is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." § 4241(d). Mr. Dewhart "has 'a rational as well as factual understanding of the proceedings against him'" and "'has sufficient present ability *to consult with his lawyer* with a reasonable degree of rational understanding.'" *Indiana v. Edwards*, 128 S. Ct. 2379, 2383 (2008) (emphasis in original) (quoting and rehearsing the competency

---

[1] Also accepted as evidence at the hearing was a presentence investigative report completed in a prior federal criminal case against Mr. Dewhart in this district, and a graph from one of the tests the Government performed charting Mr. Dewhart's results and how they compared to results of other sub-groups.

standard from *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam)) (citing *Drope v. Missouri*, 420 U.S. 162 (1975) as well). There is substantial, credible evidence that Mr. Dewhart is malingering with respect to his competency and amnesia. Furthermore, even *if* Mr. Dewhart's intellectual capabilities are borderline low, other factors, such as evidence of his ability to read, Dr. Denney's observation that Mr. Dewhart could carry out animated and normal conversation outside of formal consultation, and Mr. Dewhart's prior ability to work with his lawyer, weigh in favor of finding him competent.

A finding of competency is based in part on Dr. Brinkley's and Dr. Denney's conclusions regarding competency, sanity, and malingering, which are based on numerous well-supported tests and months of observing Mr. Dewhart.[2] Dr. Brinkley and Dr. Denney also testified to observing Mr. Dewhart at the facility and noted that he appeared to engage with people and move about the facility, demonstrating an intellectual level above that indicated by his test results and suggesting that he was exaggerating his deficiencies during the formal evaluations. Dr. Koch's evaluation and testimony do not sufficiently discredit the overwhelming evidence that Mr. Dewhart can assist his counsel (*e.g.*, he can speak comprehensibly with her and has a good working relationship with her) and understand the proceedings. Nor does Dr. Koch's evidence undermine the test results reflecting that Mr.

---

[2] In *United States v. Izquierdo*, 448 F.3d 1269 (11th Cir. 2006), the Eleventh Circuit noted that the co-defendant's expert, a psychologist, examined the defendant on two different days, while a psychiatrist at the federal facility studied him for several months during his stay there and "had the benefit of the observations and information collected about [the defendant] by his forensic team." *Id.* at 1279. The court observed in affirming the district court's competency finding that the facility expert "undisputedly examined [the defendant] more closely than did [the co-defendant's expert]." *Id.*

Dewhart's intellectual capabilities are dubious and not sufficiently reliable because of evidence of malingering. Dr. Milliner's report also does not undermine this finding. Dr. Milliner tested Mr. Dewhart during a preliminary evaluation and diagnosed him only with a *provisional* diagnosis of mild retardation, noting that malingering had not been ruled out. (Dr. Milliner's report 6-7.) Once committed, Mr. Dewhart was examined by a team of experts who observed his behavior and tested him for several months.

The court deems the Government's witnesses' testimony and reports reliable, credible, and informative. Those experts also testified, without contradiction, that Mr. Dewhart has not substantially changed since they last consulted with him and that any condition of borderline functioning capabilities would not have likely deteriorated over time. The court's personal observations of Mr. Dewhart confirm the Government's experts' conclusions on Mr. Dewhart's competency, malingering, and unchanged condition. Mr. Dewhart's long history of criminal conduct and the nature of that conduct, at the very least, do not contradict a finding that his intellectual capabilities exceed what the competency test scores show.

Furthermore, Mr. Dewhart's lack of memory does not necessarily negate his ability to assist counsel and understand the proceedings. Amnesia does not *per se* render a defendant incompetent to stand trial. *United States v. Rinchack*, 820 F.2d 1557, 1569 (11th Cir. 1987) (relying on *United States v. Swanson*, 572 F.2d 523, 526 (5th Cir. 1978)); *see also United States v. Andrews*, 469 F.3d 1113, 1119 (7th Cir. 2006) (noting all of the circuits holding the same). "[T]he propriety of trying an amnesiac defendant is a question to be

5

determined according to the circumstances of each individual case." *Swanson*, 572 F.2d at 526. *See also Rinchack*, 820 F.2d at 1569 (citing factors a judge should consider in an amnesia competency case, including a defendant's ability to take the stand and testify, the permanency of the amnesia, whether the defendant's whereabouts can be reconstructed, access to government files that would aid in preparing the defendant, and the strength of the government's case).

In this case, Mr. Dewhart claims he cannot remember the events of the offense, but he remembers partying with a buddy prior to driving down the road, and remembers events after the police subdued him. For the reasons more generally discussed herein, there is evidence to suggest Mr. Dewhart is malingering with respect to his amnesia, and no witness gave a solid explanation for why his amnesia was so selective. Moreover, the court cannot ignore that a possible explanation for Mr. Dewhart's lack of memory, if it is authentic, is his cocaine and alcohol use before the event, which he *does* remember. If drugs and alcohol are the source of the amnesia, there was no testimony on how giving Mr. Dewhart more time for evaluation could restore the blacked-out memory. A defendant is not incompetent to stand trial for the sole reason that he chose to imbibe mind-altering substances and therefore, cannot remember his conduct while on those substances. Also, there are collateral sources of evidence as to what happened that night.

Accordingly, it is ORDERED that Mr. Dewhart is DECLARED mentally competent to stand trial. It is further ORDERED that his trial is scheduled specially for **July 20, 2009**,

6

in Montgomery, Alabama.  The Magistrate Judge shall conduct a pretrial conference prior to the **July 20, 2009** trial term.

    DONE this 26th day of June, 2009.

                                      /s/  W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE